**In re ALLIED MECHANICAL SERVICES, INC., Debtor.**

**Bankruptcy No. 82–04321A.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

April 26, 1984.

J. Michael Lamberth, Cotton, White & Palmer, P.A., Atlanta, Ga., for debtor.

Leslie John Rodriguez, Bobbye D. Spears, U.S. Dept. of Labor, Atlanta, Ga., for the Secretary of Labor.

## ORDER

W. HOMER DRAKE, Bankruptcy Judge.

This case is before the Court on the objection by the debtor, Allied Mechanical Services, Inc. ("Allied Mechanical"), to the proof of claim filed by the Secretary of Labor ("Secretary") in the above-referenced Chapter 11 proceeding. Allied Mechanical filed its objection on October 3, 1983, and on November 17, 1983 the Secretary filed his response. Following a hearing on December 14, 1983, this matter was taken under advisement.

### STATEMENT OF FACTS

The facts, which are not in dispute, are as follows:

1. Between August 26, 1982 and August 30, 1982 the United States Department of Labor, Occupational Safety and Health Administration ("OSHA"), conducted an inspection of Allied Mechanical's physical plant. During this investigation, OSHA uncovered certain violations of the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651, *et seq.*

2. Allied Mechanical filed a petition for relief under Chapter 11 of the Bankruptcy Code on September 13, 1982.

3. On October 6, 1982, OSHA issued a Citation and Notice of Penalty to Allied Mechanical in which the aforesaid violations were particularly described. The total penalty assessed in this Citation and Notice was $700.00.

4. The Citation and Notice indicated that Allied Mechanical had fifteen days within which to contest the violations and/or penalties set forth in the Citation and Notice. No such contest was raised, and by letter

dated November 16, 1982 Allied Mechanical was informed that the Secretary had deemed the $700.00 penalty final and non-reviewable. This same letter demanded payment of the penalty by November 26, 1982.

5. Upon the failure of Allied Mechanical to make the $700.00 payment as demanded, the Secretary commenced a civil action against Allied Mechanical in the United States District Court for the Northern District of Georgia on March 17, 1983. On April 14, 1983, the Secretary learned that Allied Mechanical was under the jurisdiction of the Bankruptcy Court. Accordingly, the Secretary filed notice of dismissal of its civil action on April 28, 1983, and the proof of claim at issue was filed on April 29, 1983.

### THE AUTOMATIC STAY

Allied Mechanical argues that the Secretary violated the automatic stay in issuing the Citation and Notice on October 6, 1982 subsequent to the September 13, 1982 bankruptcy filing. The Secretary replies that issuance of the Citation and Notice was excepted from the automatic stay under Bankruptcy Code § 362(b). In relevant part, § 362 of the Bankruptcy Code states:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(b) The filing of a petition under section 301, 302, or 303 of this title does not operate as a stay—

(4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

Allied Mechanical cites three authorities for its position. 2 *Collier on Bankruptcy* ¶ 362.05[4], p. 362–40 (15th ed. 1984) ("[A] proceeding that would result in a taking of property would not [be permitted to proceed].");  *In re Kovacs*, 681 F.2d 454, 456 (6th Cir.1982) (The Court concludes that "§ 362 indicates a clear intent to permit governmental units to continue to enforce their police power through mandatory injunctions despite the filing of a bankruptcy petition, but to deny those units the power to collect money in their enforcement efforts."); *In the Matter of IDH Realty, Inc.*, 16 B.R. 55, 58 (Bkrtcy.E.D.N.Y.1981) ("IDH position is further supported by the fact that even if the argument for enforcement of the zoning statutes could be stretched to qualify as urgent protection of the public welfare, the municipal exemption is inapplicable if the proceeding would result in the taking of property from the estate."). For the reasons set forth below, the Court finds that the cases cited by Allied Mechanical are distinguishable; that the Secretary has not attempted to enforce a monetary judgment outside the Bankruptcy Court; and that the exception in § 362(b)(4) is applicable to take the Secretary's action beyond the scope of § 362(a).

In the instant case, the Secretary is attempting to collect the $700.00 penalty through Allied Mechanical's Chapter 11 plan. Although the Secretary did commence a civil action against Allied Mechanical on March 17, 1983, this civil action was dismissed upon the Secretary's learning that Allied Mechanical was in bankruptcy. The Secretary has not otherwise attempted to collect upon this fine outside of the Bankruptcy Court.

The legislative history to § 362(b) states as follows:

Paragraph (4) excepts commencement or continuation of actions and proceedings by governmental units to enforce police or regulatory powers. Thus, where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, *safety, or similar police or regula-*

*tory laws,* or attempting to fix damages for violation of such law, the action or proceeding is *not stayed under the automatic stay.* Paragraph (5) makes clear that the exception extends to permit an injunction and enforcement of an injunction, and to permit the entry of a money judgment, but does not extend to permit enforcement of a money judgment. Since the assets of the debtor are in the possession and control of the bankruptcy court, and since they constitute a fund out of which all creditors are entitled to share, enforcement by a governmental unit of money judgment would give it preferential treatment to the detriment of all other creditors. [Emphasis added.]

H.R.Rep. No. 95–595, 95th Cong., 2d Sess. at 343, reprinted in 1978 U.S.Code Cong. & Adm.News, 5787, 6299. See also S.Rep. No. 95–989, 95th Cong., 2d Sess. at 52, reprinted in 1978 U.S.Code Cong. & Adm. News, 5787, 5838. Clearly, the Citation and Notice issued by the Secretary did nothing more than fix the *amount* of the penalty for Allied Mechanical's violation of the Occupational Safety and Health Act of 1970. Therefore, the Secretary has not and will not receive preferential treatment to the detriment of other creditors, and there is no policy rationale for staying this type of activity by the Secretary.

▪ Generally, the purpose for the automatic stay has been described in the following terms:

The automatic stay, according to its legislative history, is one of the fundamental debtor protections provided by the Bankruptcy Laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy [citations omitted].

*In re King Memorial Hosp., Inc.,* 4 B.R. 704, 706–707 (Bkrtcy.D.Maine 1980). On the other hand, the exceptions to the automatic stay, including § 362(b)(4), are to be narrowly construed. In explaining the Congressional intent behind § 362(b)(4), Representative Don Edwards remarked:

This section is intended to be given a narrow construction in order to permit governmental units to pursue to protect the health and safety and not to apply to actions by a governmental unit to protect the pecuniary interest in property of the debtor or property of the estate.

124 Cong.Rec. H11089, 1978 U.S.Code Cong. & Adm.News 6444–6445. Yet, the action by the Secretary in the case *sub judice* is permissible as falling within an appropriately strict reading of § 362(b)(4).

The case of *N.L.R.B. v. Evans Plumbing Co.,* 639 F.2d 291 (5th Cir.1981), is apposite to the present situation. In *Evans Plumbing,* § 362(b)(4) was held to except from the automatic stay a hearing to determine whether the debtor had committed an unfair labor practice. Upon an adverse ruling on the labor law issue, the debtor was directed to reinstate the two wrongfully discharged employees with back pay. Therefore, the fact that the exercise of a governmental unit's police or regulatory power may result in a monetary assessment against the debtor does not necessarily preclude the availability of the § 362(b)(4) exception from the automatic stay.

The Court in *Evans Plumbing* stated as follows:

The crucial issue is whether the NLRB is a governmental unit and whether this action is one to enforce police or regulatory powers. It is clear that the NLRB is a governmental unit. This action was undertaken to enforce the federal law regulating the relationship between employer and employee. We can safely conclude therefore that this is an exercise of police or regulatory powers which places it within the § 362(b)(4) exemption to the automatic stay.

We note that our decision today would permit the entry of judgment for injunctive relief and for back pay; however, should it be necessary to enforce the judgment for back pay, a different question would be presented. We express no

opinion as to whether an action to execute or enforce a money judgment would be exempt from the automatic stay.

*N.L.R.B. v. Evans Plumbing Co.*, 639 F.2d at 293. In accord with *Evans Plumbing* is *Marshall v. Tauscher*, 7 B.R. 918 (Bkrtcy. E.D.Wisc.1981), wherein the assessment of a civil monetary penalty for violation of child labor laws by the debtor was not stayed. Enforcement of the civil monetary penalty was, however, found to be within the ambit of § 362(a) and beyond the exception of § 362(b)(4).

■ On the basis of the foregoing, the Court rejects the analogy drawn by Allied Mechanical that the action by the Secretary should be treated as an action to enforce a monetary judgment. The Court finds no violation of the automatic stay in the Secretary's decision to file a claim with this Court for the amount of the penalty against Allied Mechanical. In this manner, the policy of § 362(b)(4) to permit the exercise of police and regulatory powers does not undermine the policy of debtor protection upon which the automatic stay is founded.

## SUBORDINATION

■ Allied Mechanical argues that the $700.00 assessment by the Secretary should be disallowed or subordinated because allowance of the claim would merely punish unsecured creditors of Allied Mechanical. In support of this position, Allied Mechanical cites *In the Matter of GAC Corp.*, 681 F.2d 1295 (11th Cir.1982). In *GAC Corp.*, the Bankruptcy Court disallowed punitive damages under § 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder. The Eleventh Circuit Court of Appeals concurred, stating that:

> We agree with the bankruptcy judge that the effect of allowing a punitive damages claim would be to force innocent creditors to pay for the bankrupt's wrongdoing. Such a result would be inequitable, and the punitive damages claim was properly stricken.

*In the Matter of GAC Corp.*, 681 F.2d at 1301.

However, the language excerpted from *GAC Corp.* does not persuade this Court to subordinate or disallow the Secretary's claim. While the assessment against Allied Mechanical is certainly remedial in nature, it is not punitive in the same sense as are punitive damages under the Securities Laws.

Civil regulatory sanctions were defined in *Atlas Roofing Co. v. OSHRC*, 518 F.2d 990, 994 (5th Cir.1975), aff'd, 430 U.S. 442, 97 S.Ct. 1261, 51 L.Ed.2d 464 (1977), to mean "enforcement measures to impose standards and regulate conduct in a relatively new area such as employment, safety and health." Despite the concern of this Court to facilitate debtor rehabilitation and to maximize the return to creditors, the Court refuses to achieve these ends by compromising the effectiveness of the Secretary and the Department of Labor in maintaining a safe working environment for the employees of a debtor corporation. To the contrary, judicious regulation under such laws as the Occupational Safety and Health Act of 1970 is intended to promote safety as well as efficiency over the long run.

Unlike the imposition of a penalty for a one-time violation under the Securities Laws, regulation by the Secretary and the Labor Department is an ongoing process. It defies logic for Allied Mechanical to presume that they are immune from the duties and penalties deemed necessary by Congress in the area of employee safety simply because Allied Mechanical has filed for relief under Chapter 11 of the Bankruptcy Code.

## PAYMENT UNDER THE PLAN

■ Finally, Allied Mechanical argues that the plan does not provide for the payment of a claim such as the fine assessed by the Secretary. Pursuant to the Chapter 11 plan of reorganization, the Secretary is among the Class VI creditors, defined as creditors having unsecured claims. See Paragraph 4.6 of the Plan. Pursuant to Paragraph 5.6 of the plan, unsecured claims are impaired to the extent that Al-

lied Mechanical does not propose to pay any interest or penalty charges accruing after the original filing date of September 13, 1982. Allied Mechanical reasons, therefore, that the Secretary may not be paid under the plan because his claim is in the nature of a penalty.

As the Court interprets Paragraph 5.6 of the Plan, disallowed interest and penalty charges relate only to unsecured claims upon which there was a principal amount owing as of September 13, 1982. In contrast, the claim held by the Secretary is entirely in the nature of a penalty. Therefore, Allied Mechanical cannot "impair" the Secretary's claim in toto so as to disallow its payment under the terms of the plan.

## CONCLUSION

On the basis of the foregoing, Allied Mechanical's objection to the claim filed by the Secretary of Labor shall be and is hereby DENIED.

IT IS SO ORDERED.