**In re MANVILLE FOREST PRODUCTS CORPORATION, Debtor.**

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MANVILLE FOREST PRODUCTS CORPORATION, Appellant,**

v.

**MANVILLE FOREST PRODUCTS CORPORATION, Appellee.**

**Nos. 85 Civ. 3582(RO), 82 B 11659.**

United States District Court,
S.D. New York.

April 8, 1986.

White & Case, New York City, for appellant; Jeffrey Barist, Allan L. Gropper, John M. Reiss, of counsel.

Davis Polk & Wardwell, New York City, for appellee; Lowell Gordon Harriss, George B. Newhouse, Jr., Levin & Weintraub & Crames, Herbert Stephen Edelman, of counsel.

## OPINION AND ORDER

OWEN, District Judge.

This is an appeal from an order of the Bankruptcy Court. The case stems from the filing for reorganization under Chapter 11 of the Bankruptcy Code by appellee Manville Forest Products Corporation (MFP). MFP was and is a fully solvent, wholly-owned subsidiary of Manville Corporation, which at the time of the facts in this case was involved in asbestos litigation. MFP, apparently fearing derivative liability, filed a Chapter 11 petition for reorganization. While in Chapter 11, it "defaulted" on certain payments of principal and interest due on its long term loans. Thereafter, MFP filed a debt reinstatement plan with the bankruptcy court under which the various defaults which had resulted would be cured. Although the plan is consensual in most respects, the parties in this case, MFP and its "Official Committee of Unsecured Creditors", disagreed as to two matters and now appeal from both of the bankruptcy court's determinations.

■ First, the parties disagree as to whether MFP's defaults automatically accelerated the entirety of the loans, and whether the debt reinstatement plan cured the harm to the creditors so that MFP need not currently make interest payments on the *entire* amount due the creditors, but only on those amounts that fell due during the period of default. The bankruptcy court held that while the defaults accelerated the entire outstanding loans, the debt reinstatement cured this and deaccelerated the debt, and accordingly, interest payments were due only on those amounts falling due during the period of default.

I agree. As the Second Circuit has said, "Curing a default commonly means taking care of the triggering event and returning to pre-default conditons. The consequences are thus nullified. This is the concept of 'cure' used throughout the Bankruptcy Code." *In re Taddeo*, 685 F.2d 24, 26–27 (2d Cir.1982); *see also In re Forest Hills Associates*, 40 B.R. 410 (Bankr.S.D.N.Y.1984). Thus, a return to pre-default conditions here only requires that interest be paid on those portions of the loans which had become due during the Chapter 11 proceedings but were unpaid, and not upon the entire principal. The creditors thereby are compensated for any damage incurred as a result of the defaulter's actions. *See* 11 U.S.C. § 1124(2)(C).

■ Second, the parties disagree as to whether interest need be paid on the interest payments which are due. The bankruptcy court found that MFP need not pay such compounded interest. Here, I disagree.

The purpose of the Bankruptcy Code cure provision is to cure any damage done to creditors by reason of a bankruptcy filing. Thus, where, as here, creditors have been denied the use of money due, they must be awarded interest on that money for the period of the denial for a cure to be effected; the result, here, is an award of compounded interest. *Debentureholders Protective Committee of Continental Investment Corp. v. Continental Investment Corp. (CIC)*, 679 F.2d 264 (1st Cir.), *cert. denied*, 459 U.S. 894, 103 S.Ct. 192, 74 L.Ed.2d 155 (1982), supports this view. That case holds that federal, not state, law controls post-petition, non-contractual interest awards (as distinguished from *pre*-petition interest awards), and that interest on interest is available from a solvent debtor. 679 F.2d at 268–71. In so ruling, the court emphasized that a debt reinstatement plan must be fair and equitable. *See id.; see*

*also Vanston Bondholders Protective Committee v. Green*, 329 U.S. 156, 165, 67 S.Ct. 237, 241, 91 L.Ed. 162 (1946). Any ruling other than that which is reached here would allow MFP to profit from incorrectly filing its Chapter 11 petition, at the cost of MFP's creditors.[1]

To this extent, therefore, the order of the Bankruptcy Court is reversed and the proceeding remanded for the determination of an appropriate award of interest on interest. In all other respects the order is affirmed.

---

1. The conclusion I have reached here is as a matter of equity, and apart from any consideration of the presence or absence of contract provisions which might attempt to confer such interest. *Cf. CIC.*