**In re Angelo RUSSO, d/b/a A & J Auto Body, Debtor.**

**Bankruptcy No. 85–0752–HL.**

United States Bankruptcy Court, D. Massachusetts.

July 11, 1986.

---

## INTEREST ON OVERSECURED TAX CLAIMS

**HAROLD LAVIEN, Chief Judge.**

The debtor, Angelo Russo, failed to pay to the Commonwealth of Massachusetts, both taxes withheld from his employees' wages and income taxes for the years 1979, 1980, 1981 and 1982. The Commonwealth made demand for payment, and recorded Notices of Massachusetts Tax Lien with the appropriate Registry of Deeds and the Secretary of State. The debtor filed for bankruptcy under Chapter 11 and at this time has a confirmed plan which would provide for paying the taxes in full. There is no question about the amount of taxes owed or that they are fully secured, and everything has been paid except for post-filing interest, which is disputed.

The debtor contends that post-petition interest on a statutory lien as contrasted with a consenual lien does not accrue post-filing interest, citing *In re Boston & Maine Corp.*, 719 F.2d 493 (1st Cir.1983) as sup-

port. *Boston & Maine* addresses the issue of interest on oversecured tax claims within the context of a railroad reorganization under the now repealed Bankruptcy Act. The language of the present Code 11 U.S.C. § 506(b)[1] which addresses the issue of an oversecured claim does not distinguish between consensual and statutory liens. The debtor argues there is no distinction made under the Code and the case law established under the 1898 Act because the Code intended to embody the case law existing at the time of its enactment, which denied interest on oversecured non-consensual claims. To support this position the debtor contends that the rationale applied under the Act and in *Boston & Maine* of unfair harm to the creditors and non-bargained for interest still holds true. Alternatively, the debtor asserts, even if interest is proper, it should be calculated according to the judgment rate as specified in 28 U.S.C. § 1961(a), rather then at the higher 18% rate as allowed under Mass.Gen.Laws c. 62C § 32. The Commonwealth contends that it should be granted interest on its oversecured claim and further that it should be calculated at 18% pursuant to Mass.Gen. Laws c. 62C § 32.

There is a split in the positions taken by lower courts that have considered the question of whether a non-consensual secured party is entitled to interest in the event they are oversecured. This is a case of first impression in this circuit since the enactment of the Bankruptcy Code and 11 U.S.C. § 506(b).

The *Boston & Maine* case which debtor cites was decided under the old Act which had no specific provision on this point. The case dealt with the reorganization of a railroad, naturally involving great public concern and requiring the balancing of the town's right or need for the interest on its real estate taxes with the effect the payment of that interest would have had on

---

1. § 506. Determination of secured status

(b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under sub-section (c) of this section, is greater than the amount

of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided under the agreement under which such claim arose.

reorganizing the railroad. Balancing the equities was all the easier because the specific section of the Code here involved, did not exist. Even so, the dissent stated, "Basically, I find it hard to locate the source of the district court's power, after having forced a deferral of Cambridge's taxes, to deprive it of all interest on what was, in effect, a forced loan.... There is no clear authority, however, empowering the denial of all post petition interest on post petition tax claims."

■ While some definitive legislative history would be helpful, there is none on interest. The only discussion concerns fees and costs. The specific wording of the new 11 U.S.C. § 506(b), given the natural import of the language itself, supports the view that seems to be held by a majority of the courts that have considered the issue. Namely, under the Code, no distinction is made between consensual and statutory liens as to interest which is to be paid so long as there is an excess of collateral.

> Like the case of *United States v. Best Repair Company, Inc.*, 789 F.2d 1080 (4th Cir.1986), decided this day, we think that § 506(b) made a change in substantive law existing prior to its enactment.

*Mack Financial Corp. v. Ireson*, 789 F.2d 1083, 1084 (4th Cir.1986).

The view that § 506(b) requires interest on any oversecured lien whether consensual or statutory is supported by what may be the first Circuit Court to have considered the issue. *United States v. Best Repair Company, Inc.*, 789 F.2d 1080 (4th Cir.1986). That case stated:

> We think, however, that the latter view strains the plain meaning of the language and grammer of the provisions. Congress stated: "there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose." The phrase "interest on such claim" is set off by commas, and the following phrase is introduced by "and any." The effect of this usage is to make "interest on such claim" a separate

and distinct clause to which "provided for under the agreement" does not apply. If Congress had wanted the agreement proviso to limit "interest on such claim" to consensual claims, it could have easily have done so by listing seriatim and in parallel form the different items an oversecured creditor can recover subject to an agreement. Though Congress could have more clearly separated the interest clause from the agreement clause, we think that the natural meaning of its chosen words is to permit post-petition interest on nonconsensual oversecured claims.

■ A more difficult matter is determining the appropriate rate of interest. The debtor seeks to apply a market value but this is inappropriate because the parties never agreed to interest, and the Commonwealth never assented to the non-payment of taxes, especially so-called trust taxes withheld from wages. The debtor should not be allowed an advantageous interest rate for violating state law. It should be noted that this is a confirmed Chapter 11 calling for payment in full of the taxes and providing for a payment of 10% on the effective date and 15% in five installments a year apart for unsecured creditors. The plan does not provide for deferred tax payments, and so we are not concerned with an interest rate that would result in a payment at present value, as might be required in 11 U.S.C. § 1129(a)(9)(C). The Commonwealth is clearly imposing its 18% delinquency rate as a deterrent and penalty. *Fi-Hi Pizza, Inc.*, 40 B.R. 258 (Bankr.D.Mass.1984). The Code does not allow penalty claims in Chapter 7 liquidations that would impinge on creditors, 11 U.S.C. § 726(a)(4). However, the taxing authority is allowed to collect penalties in Chapter 11. The rationale for the different treatment is that in liquidation the creditors, not the debtor, would be penalized, while in Chapter 11, the debtor continues in business and therefore, bears the penalty. *In re Stack Steel & Supply Co.*, 28 B.R. 151 (Bankr.Wash. 1983); *In re Allied Mechanical Services,*

*Inc.*, 38 B.R. 959 (Bankr.Ga.1984). In this case, the creditors' provisions under the plan are not affected by this interest plus penalty, as this is neither a pot nor liquidation plan and, as a practical matter, will only minimally if at all, be affected by the minor impact of the intrest payments on debtor's operation.

One other argument deserves attention, namely, that once having filed, the debtor is not free to avoid the interest by the delay of payment during administration of the estate. This certainly need not be so in the case of a fully secured consensual claim. It is not at all unusual for a debtor to request authority to pay a fully secured, undisputed debt to stop the running of interest. This holds true for a secured tax claim as well, otherwise, the debtor would get a free ride, while the taxing authority has to borrow and pay interest, or in the fortunate situation of Massachusetts lose its earned interest on its fully secured, but wrongfully unpaid taxes. If all of this creates a small hardship on the debtor, maybe next time, he won't choose to use the funds due the taxing authority rather than his own funds. Judging from the equity remaining in the debtor's property over and above the tax lien, the debtor had sufficient assets to pay the taxes he owed instead of choosing to use the trust funds withheld from wages.

The Commonwealth is entitled to interest, post-petition, under 11 U.S.C. § 506(b) at its statutory rate, as provided by Mass.Gen. Laws c. 62C § 32.