**In re ADCOM, INC., Debtor.**

**Bankruptcy No. 85–01136–JG.**

United States Bankruptcy Court, D. Massachusetts.

June 17, 1987.

See also, Bkrtcy., 67 B.R. 403.

Arnold S. Goldstein, Chestnut Hill, Mass., for debtor.

Donald R. Lassman, Com. of Mass., Dept. of Revenue, Boston, Mass., for C.I.R.

## MEMORANDUM

JAMES N. GABRIEL, Chief Judge.

The issue before the Court is whether the Commissioner of Revenue, Commonwealth of Massachusetts, Department of Revenue (the "Commissioner") is entitled to post-petition interest with respect to its priority unsecured tax claim. The issue arises in the context of a Chapter 11 case in which the Commissioner is the only pre-petition creditor of the bankruptcy estate and the value of the estate is almost six times greater than the total amount of Adcom's pre-petition indebtedness.[1]

## FACTS

By way of background, Adcom, Inc. ("Adcom" or the "Debtor"), a company engaged in the business of designing and producing exhibits and displays for trade shows as well as renovating and repairing existing displays for manufacturers of technical products and services, filed for relief under Chapter 11 on October 15, 1985. Prior to that time, the Commissioner had conducted a sales tax audit of the books and records of the Debtor, discovering in the process that Adcom had failed to file sales tax returns or make sales tax payments between the third quarter of 1981 and the second quarter of 1984. As a consequence of the audit, the Commissioner notified the Debtor of its intention to assess the Debtor for unpaid sales taxes. Shortly after the filing, the Commissioner filed proofs of claims for unsecured priority taxes. The Debtor, in turn, objected to the Commissioner's claims, alleging that its sales were not subject to the Massachusetts sales tax. On May 27, 1986, the Court conducted an evidentiary hearing with respect to the Debtor's objections. Following unsuccessful settlement negotia-

tions between the parties and a motion by the Commissioner to reopen the hearing in order to submit a supplemental brief, the Court ruled, on November 25, 1986, that the Debtor was liable for the payment of sales tax. *See In re Adcom, Inc.,* 67 B.R. 403 (Bankr.D.Mass.1986).

The Commissioner and the Debtor subsequently agreed upon the amount of pre-petition sales tax liability, i.e., approximately $40,000. However, the Debtor's disclosure statement and plan, which was mailed to the Commissioner in late February, 1987, precipitated the instant dispute since no provision was made for the payment of post-petition interest on the Commissioner's pre-petition priority unsecured claim. Although the parties attempted to resolve the matter, they notified the Court on April 1, 1987 of their inability to do so and submitted briefs approximately one month later.

## DISCUSSION

The Debtor maintains that a creditor is not entitled to interest solely because the debtor is solvent. Rather, the Debtor asserts that the award of post-petition interest is discretionary and dependent upon the equities of the case. *Vanston Bondholders Protective Committee v. Green,* 329 U.S. 156, 165, 67 S.Ct. 237, 241, 91 L.Ed. 162 (1946) ("It is manifest that the touchstone of each decision on allowance of interest in bankruptcy, receivership and reorganization has been a balance of equities between creditor and creditor or between creditors and debtor.") Citing the dramatic reduction in the Commissioner's claims from $113,692.39 to approximately $40,000, the Debtor suggests that the equities clearly favor it.

The Commissioner maintains that it is entitled to post-petition interest at the statutory rate set by Mass.Gen.Laws Ann. c. 62C, § 32 (West 1969 & Supp.1987) because post-petition interest is statutorily required

---

1. The liquidation analysis set forth in the disclosure statement sets the value of the estate at approximately $230,000.

by 11 U.S.C. § 1129(a)(7)(A)(ii) and appropriate upon a consideration of the equities.

■ Section 1129(a)(7)(A)(ii) applies to impaired classes of claims. Under the Debtor's plan of reorganization, the Commissioner is an impaired claimant since the Debtor intends to pay the claim over time rather than on the effective date in cash equal to the allowed amount of the claim. *See* 11 U.S.C. § 1124(3)(A). Section 1129(a)(7)(A)(ii) provides:

> The court shall confirm a plan only if all the following requirements are met: ...
>
> (7) With respect to each impaired class of claims or interests—
>
> (A) each holder of a claim or interest of such class— ...
>
> (iii) will receive or retain under the plan on account of such claim or interest property of value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date....

11 U.S.C. § 1129(a)(7)(A)(ii). The Commissioner correctly notes that this section is mandatory not discretionary. *In re Butler*, 42 B.R. 777, 779 (Bankr.E.D.Ark.1984).

Pursuant to section 1129(a)(7)(A)(ii), the liquidation provisions of Chapter 7 must be examined. Section 726 of the Bankruptcy Code governs distribution of property of the estate. Section 726(a)(1) requires that claims of the kind specified in 11 U.S.C. § 507 be paid first. Since the Commissioner's claims fall within the scope of section 507(a)(7), the Commissioner asserts it is entitled to interest pursuant to section 726(a)(5). That section provides for the "payment of interest at the legal rate from the date of filing of the petition, on any claim paid under paragraph (1), (2), (3), or (4) of this subsection" prior to any distribution to the Debtor. 11 U.S.C. § 726(a)(5). Additionally, the legislative history of section 726(a)(5) indicates that "postpetition interest on prepetition claims is also to be paid to the creditor in a subordinated position." S.Rep. No. 95–989, 95th Cong., 2nd sess. 97 (1978), U.S.Code Cong. & Admin. News 1978, pp. 5787, 5883. The legislative history continues with the statement that "[l]ike prepetition penalties, such interest will be paid from the estate only if and to the extent that a surplus of assets would otherwise remain for return to the debtor at the close of the case." *Id.* Thus, in view of the large surplus destined to be returned to the Debtor, the Commissioner insists that 11 U.S.C. § 1129(a)(7)(A)(ii) mandates the award of post-petition interest, since such interest would be payable pursuant to 11 U.S.C. § 726(a)(5). Furthermore, the Commissioner indicates that the statutory interest rate set forth in Mass. Gen.Laws Ann. c. 62C, § 32 should apply, citing *In re Shaffer Furniture Company*, 68 B.R. 827, 831 (Bankr.E.D.Pa.1987) (Post-petition interest awarded at Pennsylvania statutory rate since state law governs absent overruling federal law.).

A seminal case in the area of when and under what circumstances federal courts will allow interest on claims against a debtor's estate is *Vanston Bondholders Protective Committee v. Green*, 329 U.S. 156, 67 S.Ct. 237, 91 L.Ed. 162 (1946). In that case, the Supreme Court stated the general rule as follows:

> The general rule in bankruptcy and in equity receivership has been that interest on the debtors' obligations ceases to accrue at the beginning of proceedings. Exaction of interest, where the power of a debtor to pay even his contractual obligations is suspended by law, has been prohibited because it was considered in the nature of a penalty imposed because of delay in prompt payment—a delay necessitated by law if the courts are properly to preserve and protect the estate for the benefit of all interests involved.... Accrual of simple interest on unsecured claims in bankruptcy was prohibited in order that the administrative inconvenience of continuous recomputation of interest causing recomputation of claims could be avoided. Moreover, different creditors whose claims bore diverse interest rates or were paid by the bankruptcy court on different dates would suffer neither gain nor loss caused solely by delay.

Simple interest on secured claims accruing after the petition was filed was denied unless the security was worth more than the sum of principal and interest due.... But where an estate was ample to pay all creditors and to pay interest even after the petition was filed, equitable considerations are invoked to permit payment of this additional interest to the secured creditor rather than the debtor.

*Id.* at 163–64, 67 S.Ct. at 240–41 (citations omitted).

Despite the general prohibition against the payment of post-petition interest, *see* 11 U.S.C. § 502(b)(2), federal courts have developed three exceptions to the general rule. The Court of Appeals for the First Circuit articulated the exceptions as follows:

Interest may accrue: (1) where the bankrupt ultimately proves to be solvent; (2) where securities, held by the creditor produce income after the filing of the petition; and (3) where the amount of the secured creditor's security is sufficient to satisfy both the principal and interest due on the secured claim.

*In re Boston and Maine Corp.*, 719 F.2d 493, 496 (1st Cir.1983), *cert. denied*, 466 U.S. 938, 104 S.Ct. 938, 80 L.Ed.2d 461 (1984); *see also Securities Investor Protection Corp. v. Ambassador Church Finance/Development Group*, 788 F.2d 1208, 1211 n. 4 (6th Cir.1986), *cert. denied*, — U.S. —, 107 S.Ct. 177, 93 L.Ed.2d 113 (1986). The First Circuit emphasized that the exceptions are not "rigid doctrinal categories" but "flexible guidelines." 719 F.2d at 496.

Similarly in *Debentureholders Protective Committee of Continental Investment Corporation v. Continental Investment Corporation*, 679 F.2d 264 (1st Cir. 1982), the court observed that even if the creditor and the debtor have not made a valid contract as to interest, "the bankruptcy court has the *power* to award interest on the theory that there has been a detention by the bankruptcy court of monies due." *Id.* at 269. However, the court added that "the bankruptcy court usually does not make such awards unless the alleged bankrupt is *solvent.*" *Id.* *See also New York v. Saper*, 336 U.S. 328, 330 n. 7, 69 S.Ct. 554, 556 n. 7, 93 L.Ed. 710 (1949)); *United States v. Bass*, 271 F.2d 129, 130 (9th Cir.1959).

■ The Court is convinced that in the circumstances of this case the Code requires that the Commissioner be provided with post-petition interest on its claims. Although 11 U.S.C. § 502(b)(2) contains an unequivocal prohibition against interest, section 726(a)(5), which is made applicable here through the "best interest test" of section 1129, provides for the payment of post-petition interest to certain types of claims prior to distribution to the debtor. *Liberty National Bank and Trust Co. of Louisville v. George*, 70 B.R. 312, 313–14 (W.D.Ky.1987). Moreover, the Court is convinced that the equities of the case favor the Commissioner. The Court noted in its earlier opinion in this case that there "was no suggestion that the Debtor's failure to collect sales tax was motivated by anything other than a sincere belief that no tax was owed." 67 B.R. at 406. In this opinion, the Court is compelled to observe that the reduction of the Commissioner's original claim does not tip the equities in favor of the Debtor. Thus, in view of the fact that the Commissioner is the Debtor's only creditor and that the bankruptcy estate is unquestionably solvent, the Court is persuaded that the Commissioner is entitled to post-petition interest. *See In re San Joaquin Estates, Inc.*, 64 B.R. 534 (9th Cir.B.A.P.1986); *In re Manville Forest Product Corp.*, 43 B.R. 293 (Bankr.S.D. N.Y.1984), *aff'd in part, rev'd in part*, 60 B.R. 403 (S.D.N.Y.1986).

■ With respect to the rate of interest, the Court finds that the Commissioner is seeking, pursuant to Mass.Gen.Laws Ann. c. 62C, § 32, to impose "its 18% delinquency rate as a deterrent and a penalty." *In re Russo*, 63 B.R. 335, 337 (Bankr.D.Mass. 1986). As the court recognized in *In re*

*Russo*, the Code does not allow penalty claims in Chapter 7 liquidations, *see* 11 U.S.C. § 726(a)(4),[2] but it does allow taxing authorities to collect penalties in Chapter 11. 63 B.R. at 337.

The Court cannot sanction penalizing the Debtor in the circumstances of this case by awarding the Commissioner post-petition interest at the 18% statutory rate, although the Court does recognize that such rate may be appropriate with respect to pre-petition interest pursuant to 11 U.S.C. § 726(a)(4). Therefore, the Court will award the Commissioner interest at whatever the prevailing 26 U.S.C. § 6621 rate is at the time each payment is due under the Debtor's plan of reorganization plus 2.5%. *See Matter of Fi-Hi Pizza, Inc.*, 40 B.R. 258 (Bankr.D.Mass.1984).

## ORDER

It is hereby ordered that the Commissioner of Revenue, Commonwealth of Massachusetts is entitled to post-petition interest at the 26 U.S.C. § 6621 rate plus 2.5% with respect to the unsecured, priority tax claim against the Debtor's estate.

---

2. Section 726(a)(4) provides:
   (a) Except as provided in section 510 of this title, property of the estate shall be distributed—
   (4) fourth, in payment of any alowed claim whether secured or unsecured for any fine, penalty, or forfeiture, or for multiple, exemplary, or punitive damages, *arising before the earlier of the order for relief or the appointment of a trustee,* to the extent that such fine, penalty, forfeiture, or damages are not compensation for actual pecuniary loss suffered by the holder of such claim.

11 U.S.C. § 726(a)(4) (emphasis supplied). The legislative history indicates that "punitive penalties, including prepetition tax penalties, are subordinated to the payment of all other classes of claims, except claims for interest accruing during the case. In effect, these penalties are payable out of the estate's assets only if and to the extent that a surplus of assets would otherwise remain at the close of the case for distribution back to the debtor." S.Rep. No. 95–989, 95th Cong., 2nd Sess. 97 (1978), U.S.Code Cong. & Admin.News 1978, p. 5883.