**In re ADCOM, INC., Debtor.**

**COMMISSIONER OF REVENUE, COMMONWEALTH OF MASSACHUSETTS, Appellant,**

v.

**ADCOM, INC., Appellee.**

**Civ. A. No. 87–2087–MC.**

United States District Court,
D. Massachusetts.

June 21, 1988.

Arnold S. Goldstein, Meyers, Goldstein, Chyten & Kosberg, Chestnut Hill, Mass., for Adcom, Inc.

Jeffrey S. Ogilvie, Leonard M. Goldberg, Counsel, Legal Bureau, Cambridge, Mass., for Ira A. Jackson, Com'r of Revenue.

Virginia Greiman, Boston, Mass., U.S. Trustee.

## MEMORANDUM AND ORDER

McNAUGHT, District Judge.

This is an appeal by the Commissioner of Revenue for the Commonwealth of Massachusetts from an order of the Bankruptcy Court denying the Commissioner's claim for interest on the state's pre-petition tax claims against the Debtor at the rate set by state law (G.L. c. 62C, § 32) during the post-petition period between the date the Chapter 11 petition was filed on October 15, 1985 and the date the Debtor's Plan of Reorganization was confirmed on October 1, 1987, 74 B.R. 673. The Bankruptcy Court specifically found that the value of the Debtor's estate was approximately $230,000 and was six times greater than the sum of all claims against the estate. The Bankruptcy Court also ruled that, under the "best interest of creditor's" test (11 U.S.C. § 1129(a)(7)), payment of interest on the tax claim during the post-petition period was allowable under 11 U.S.C. § 726(a)(5). However, the Bankruptcy Court refused to adopt the rate of interest on unpaid state taxes set by state law, setting instead a lower rate.

This Court is of the opinion that, in the context of this particular case, the phrase "interest at the legal rate" in section 726(a)(5) refers directly to the rate of interest set by state law, namely G.L. c. 62C, § 32. *See In Re Shaffer Furniture Co.,* 68 B.R. 827 (Bankr.E.D.Pa.1987). The order of the Bankruptcy Court is therefore modified to read as follows:

It is hereby ordered that the Commissioner of Revenue, Commonwealth of Massachusetts, is entitled to post-petition interest at the rate provided by G.L. c. 62C, § 32 with respect to the unsecured priority tax claim against the Debtor's estate.